UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIO CELLI,<br><br>                                Plaintiff,<br><br>-against-<br><br>JUDGE ENGELMAYER, et al.,<br><br>                                Defendants. | 22-CV-6542 (LTS)<br><br>ORDER DIRECTING ORIGINAL SIGNATURE AND PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the custody of the Bureau of Prisons at FMC Lexington in Kentucky, brings this action *pro se*. For the reasons discussed below, within 30 days of the date of this order, Plaintiff must resubmit the signature page of the complaint with an original signature, and either pay the $402.00 in filing fees that are required to file a civil action in this Court or submit an *in forma pauperis* (IFP) application and a prisoner authorization.

**A.      Original Signature**

Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

To cure the complaint's lack of signature, Plaintiff is directed to resubmit the signature page of the complaint with an original signature to the Court within 30 days of the date of this order. A copy of the signature page is attached to this order.

**B.     Filing Fee**

Further, to proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 22-CV-6542 (LTS).[2]

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files an action or appeal that is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the filing fees at the time of filing any new action.

## CONCLUSION

Within 30 days of the date of this order, Plaintiff must resubmit the signature page of the complaint with an original signature, and either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

Because Plaintiff is currently in BOP's custody, the Clerk of Court is directed to mail copies of this order to Plaintiff at his address of record and at the following address:

Lucio Celli
Reg. No.: 91241-053
FMC Lexington
3301 Leestown Road
Lexington, KY 40511

The Clerk of Court should note service on the docket.

SO ORDERED.

Dated:   August 10, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

deprive me access to the court to state my claims of everything that is stated above.

10. The court will decide if Judge Engelmayer lost judicial immunity on April 6, 2021, when he practiced law under 28 USC § 454 because he told me what my intent will be and then had it edited out of the transcript, which Mr. Perez
11. AUSA Karamigious and Bensing have prosecutorial immunity
12. Over 90 AUSAs have the audios to prove this count

    Dated this 9st of June, 2022

                                                      Lucio Celli, Defendant

JURY - 17