UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIO CELLI,

                    Plaintiff,

          -against-

JUDGE ENGELMAYER, et al.,

                    Defendants.

22-CV-6542 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On August 10, 2022, the Court directed Plaintiff to address certain deficiencies with his complaint; specifically, Plaintiff did not pay the fees to initiate this action, submit an application seeking waiver of the fees and a prisoner authorization, or sign the complaint. Plaintiff did not respond to the August 10, 2022 order, and on October 13, 2022, the Court dismissed the action and the Clerk of Court entered a civil judgment on the same day.

Over two years later, on June 19, 2025, Plaintiff filed a motion for reconsideration under Rule 60(b)(6) of the Federal Rules of Civil Procedure, claiming that "extraordinary circumstances involving political bias, judicial misconduct, and the deprivation of all constitutional guarantees of a fair trial" warranted reconsideration of the Court's October 13, 2022 order of dismissal. (ECF 6, at 1.) For the following reasons, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b)(6), a party must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). The Court dismissed this action because Plaintiff did not comply with the Court's

August 10, 2026 order directing him to pay the fees or ask for a fee waiver, and to sign the complaint. Plaintiff's motion does not address these deficiencies. He therefore fails to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration (ECF 6) and directs the Clerk of Court to terminate all motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 14, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

2